IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/30/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

YONAIKER ANTONIO FERRER FERRER,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;

Respondent.

Case No. 26-3371-JWL

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Petitioner has filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 by which he seeks his release from detention by immigration officials. For the reasons set forth below, petitioner shall show cause, by filing a written response on or before **October 16, 2026**, why the petition should not be denied for failure to state a proper claim for relief.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). In his petition, petitioner states that he challenges his "unlawful detention" by immigration officials on June 19, 2026; and as the ground for his challenge, he states that he has been detained for more than 90 days without being removed.[1] Petitioner has not

[1] As a separate ground, petitioner states without explanation that he has not been given "any updates on flying available," which the Court interprets to mean that officials have not given him information on flights by which he will be removed from the United States.

explained how such detention violates federal law, however. First, petitioner does not indicate whether he is subject to a final removal order; but if he is, his detention is mandated by 8 U.S.C. § 1231, and he has not been detained longer than the six-month presumptively-reasonable period for removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Second, if immigration proceedings have been initiated but no final removal order has been issued, petitioner's detention would be authorized by 8 U.S.C. §§ 1225 or 1226. Thus, petitioner has not stated a proper claim for habeas relief. Accordingly, petitioner is ordered to file a written response to this order, on or before **October 16, 2026**, in which he explains why the petition should not be denied on that basis. If petitioner does not respond to this order, the Court will deny the petition for failure to state a proper claim.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner shall show cause, by written response filed on or before **October 16, 2026**, why the petition should not be denied for the reasons set forth herein.

IT IS SO ORDERED.

Dated this 30th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge